**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LARRY WHITE,**

      **Plaintiff,**

      v.                            **CASE NO. 25-3023-JWL**

**UNITED STATES OF AMERICA,
et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Missouri Eastern Correctional Center in Pacific, Missouri. Plaintiff seeks to compel former state governor [sic] and former U.S. Senator Nancey [sic] Kassabaum [sic] to fulfill obligations under a 1984 contract she allegedly entered into with Plaintiff. (Doc. 2, at 2.) Plaintiff also alleges that his family is in danger based on allegations of organized crime, a national security breach, domestic terrorism, murder, kidnapping, raping children under 12, and cybercrimes against Kansas and the United States. *Id.* at 3. Plaintiff has made similar claims in a prior case filed in this Court.[1] This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that

---

[1] The Court dismissed Case No. 24-3179-JWL for failure to state a claim. In denying Plaintiff's motion to reconsider, the Court noted that "Plaintiff's allegations regarding criminal activity appear to be frivolous." *White v. FBI*, Case No. 24-3179-JWL, Doc. 10, at n. 1 (D. Kan. Nov. 8, 2024).

it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Allegations must be credible to meet the exception. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time

---

[2] Prior to filing the instant Complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See White v. Blackwell*, Case No. 08-3133-SAC, Doc. 6 (dismissing for failure to state a claim) (D. Kan. Feb. 10, 2009); *White v. Augustine*, Case No. 09-3131-SAC, Doc. 10 (dismissing as barred by the statute of limitations) (D. Kan. Nov. 3, 2009); and *White v. FBI*, Case No. 24-3179-JWL, Doc. 7 (dismissing for failure to state a claim) (D. Kan. Oct. 29, 2024). The Court notes that although the dismissal in Case No. 24-3179 is currently on appeal, this Court's dismissal counts as a strike. *See Coleman v. Tollefson*, 575 U.S. 532,537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

to pay the full $405.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff filed a motion (Doc. 1) seeking to file this case under seal. Plaintiff alleges that his younger brother was killed because Case No. 24-3179 was made public. (Doc. 1, at 1.) He also claims that he has received "emails from the criminal network claim[ing] responsibility . . . and threatening the life of [Plaintiff's] daughter over the mandamus." *Id*. He asks the Court to "redact the intire [sic] contents of this new filing."[4] *Id*.

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978))). To succeed, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id*. at 1135–36 (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Plaintiff fails to overcome the presumption. As Plaintiff notes, none of the pleadings in Case No. 24-3179 are placed under seal. As noted above, the Court found that Plaintiff's allegations regarding criminal activity appear to be frivolous. Not only are Plaintiff's claims and allegations in Case No. 24-3179 public, Plaintiff also filed a case in the Western District of Missouri alleging similar claims and the filings in that case have not been placed under seal. *See*

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

[4] The Court notes that Plaintiff has already attempted to redact certain names in his Complaint by marking them out. *See* Doc. 2, at 3.

*White v. Lead Prosecution of Eastern Dist. Of Missouri*, Case No. 24-4132 (W.D. Mo.).[5]  Plaintiff has failed to overcome the presumption that the public has a common-law right of access to judicial records.  The Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to seal case (Doc. 1) is **denied.**  The documents in this case shall not be filed under seal, and the Clerk is directed to remove the provisionally-sealed designations on Docs. 1 through 5.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 7, 2025,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated February 12, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiff states in Case No. 24-4132 that he "think[s] they killed daughter" and alleges that someone pretended to be Plaintiff's son but online funeral photos show that Plaintiff's son was deceased.  *Id*. at Doc. 1–2 and Doc. 12.