IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WHITE,

    **Plaintiff,**

    v.                        CASE NO. 25-3023-JWL

UNITED STATES OF AMERICA,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Missouri Eastern Correctional Center in Pacific, Missouri. Plaintiff seeks to compel former state governor [sic] and former U.S. Senator Nancey [sic] Kassabaum [sic] to fulfill obligations under a 1984 contract she allegedly entered into with Plaintiff. (Doc. 2, at 2.) Plaintiff also alleges that his family is in danger based on allegations of organized crime, a national security breach, domestic terrorism, murder, kidnapping, raping children under 12, and cybercrimes against Kansas and the United States. *Id.* at 3. Plaintiff has made similar claims in a prior case filed in this Court.[1]

On February 12, 2025, the Court entered a Memorandum and Order (Doc. 6) ("M&O") denying Plaintiff's motion for leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no credible showing of imminent danger of serious physical injury. The Court granted Plaintiff until March 7, 2025, to submit the $405.00 filing fee.

---

[1] The Court dismissed Case No. 24-3179-JWL for failure to state a claim. In denying Plaintiff's motion to reconsider, the Court noted that "Plaintiff's allegations regarding criminal activity appear to be frivolous." *White v. FBI*, Case No. 24-3179-JWL, Doc. 10, at n. 1 (D. Kan. Nov. 8, 2024).

1

The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 6, at 4.) Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) and Motion for Class Certification (Doc. 5) are **denied.**

**IT IS SO ORDERED**.

Dated March 10, 2025, in Kansas City, Kansas.

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**